THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMNI INNOVATIONS, LLC, a Washington limited liability company; JAMES S. GORDON, JR., a married individual,<br><br>Plaintiffs,<br><br>v.<br><br>INVIVA, INC, a Kentucky and Delaware corporation, d/b/a American Life Direct, and American Insurance Co. Of New York; and JOHN DOES, I–X,<br><br>Defendants. | Case No. C06-1537-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's Motion for Judgment on the Pleadings (Dkt. No. 54), to which there has been no timely response. Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

**I.  BACKGROUND**

Plaintiff James Gordon describes himself as a "professional plaintiff" who "[notifies] spammers that they're violating the law," and then files lawsuits if the spammers do not stop sending unwanted email to his business. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1056 (9th Cir. 2009). Plaintiff has filed several such lawsuits in the Western District of Washington.

ORDER
PAGE - 1

All of Plaintiff's cases have sounded in federal law, proceeding under the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM Act"), *codified at* 15 U.S.C. § 7701 *et seq.* Congress passed Act to combat the growing onslaught of fraudulent and offensive unsolicited email messages; the Act prohibits persons from, among other things, sending emails with deceptive subject headings, or sending emails without a mechanism for the recipient to opt out of future mass emailings. *Id.* § 7704(a). As part of its enforcement scheme, the Act creates a limited private right of action, stating that "a provider of internet access service adversely affected by a violation of [certain statutory clauses], or by a pattern or practice that violates [certain other clauses], may bring an action in any district court of the United States . . . (A) to enjoin further violation by the defendant, or (B) to recover [actual or statutory damages]." *Id.* § 7706(g)(1).

Plaintiff's lawsuits started shortly after Congress enacted the CAN-SPAM Act in 2003. Plaintiff is the registrant of the domain name *gordonwork.com*, which he used to host his email address *jim@gordonwork.com*. In September 2003, Plaintiff induced his friends to use the same domain name to create their own email accounts, which Plaintiff then used to subscribe to mass emailings from more than one hundred different senders. See *Virtumundo*, 575 F.3d at 1045–46. Predictably, the accounts received thousands of messages. At some point later on, Plaintiff created an automated response that was sent to all commercial email received by *gordonwork.com* accounts. The response purported to create a binding contract between Plaintiff and its recipient, whereby the recipient agreed to stop sending mass emailings or pay Plaintiff five hundred dollars for each unwanted message. *Id.* at 1046. As the Ninth Circuit found, "[Plaintiff] devotes his resources to . . . accumulating spam through a variety of means for the purpose of facilitating litigation." *Id.* at 1052.

In *Gordon v. Virtumundo*, one of Plaintiff's many lawsuits, this Court determined that Plaintiff did not have standing to pursue a private right of action under the federal CAN-SPAM Act, 15 U.S.C. §§ 7701 *et seq.*, and that his state-law claims were preempted by that Act, and

accordingly granted summary judgment to the defendants. *Gordon v. Virtumundo*, No. C06-0204-JCC, 2007 WL 1459395 (W.D. Wash. May 15, 2007). Plaintiff appealed that Order to the Ninth Circuit, which affirmed on August 6, 2009. *Virtumundo*, 575 F.3d at 1066.

Specifically, the Ninth Circuit found that Plaintiff is not a "provider of Internet access service," the class of entities upon which the CAN-SPAM Act grants standing. *See* 28 U.S.C § 7702(11) (defining 'Internet access service'); *Virtumundo*, 575 F.3d at 1052 (Gordon is not an "Internet access service provider" because he has no physical control over nor access to the hardware that provides his domain name, and is not a *bona fide* e-mail provider). The Ninth Circuit also found that he was not "adversely affected by" spam, because, if anything, he had only experienced "routine business concerns and operating costs" as a result of spam, which were not sufficient to "unlock the treasure trove" of the CAN-SPAM Act's statutory damages. *Id.* at 1054. Gordon, a plaintiff who "seeks out spam for the very purpose of filing lawsuits," is "not the type of private plaintiff that Congress had in mind when it fashioned § 7706(g)(1)'s standing provision." *Id.* at 1055. The Ninth Circuit also dismissed Plaintiff's state-law claims as preempted and factually deficient. *Virtumundo*, 575 F.3d at 1063–64.

The instant matter, *Gordon v. Inviva, Inc.*, is one of Plaintiff's remaining lawsuits. It was stayed pending the outcome of *Virtumundo* before the Ninth Circuit, because that case involved "similar issues of law to the present matter." (Dkt. No. 18.) After *Virtumundo* was fully resolved on the merits by the Ninth Circuit, the Court lifted the stay. (Dkt. No 53.) Shortly thereafter, Defendant filed the instant Motion for Judgment on the Pleadings.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Honey v. Distelrath*, 195 F.3d 531, 532–33 (9th Cir. 1999). Plaintiff failed to respond to this motion, which the Court considers to be an admission that the motion has merit. Local Rules W.D. Wash. CR 7(b)(2).

This case presents materially similar facts to the facts in *Gordon v. Virtumundo*. Plaintiff's claims sound in the CAN-SPAM Act, the State CEMA, and the State CPA, just as they did in *Virtumundo*. (Am. Compl. 4–5 (Dkt. No. 14).) Plaintiff's Second Amended Complaint alleges that he acted as a provider of internet service for multiple users just as he did in *Virtumundo* (*Id.* at 2), and that the accounts he maintained were the recipients of unwanted email messages from Defendant, just as they were in *Virtumundo*. (*Id.* at 3). Nowhere in Plaintiffs Complaint are any facts that would confer standing upon him, in light of *Virtumundo*—he does not, for example, allege that he has physical control over the hardware that provides his domain name, nor does he allege that he experienced harms outside the ambit of "routine business concerns and operating costs." *See Virtumundo*, 575 F.3d at 1052–54. Nor has he cured the deficiencies in his state-law claims identified in *Virtumundo*, rendering those claims similarly preempted. *See id.* at 1063–65.

Because the Ninth Circuit upheld this Court's decision to dismiss Plaintiff's case with prejudice in *Virtumundo*, and because this case presents materially similar facts to *Virtumundo* and Plaintiff makes no attempt to distinguish the two, this Court's decision is an easy one. Plaintiff has no standing to pursue this matter under the federal CAN-SPAM Act, and his state-law claims are preempted and deficient. Plaintiff's case is dismissed with prejudice.

**III.    CONCLUSION**

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (Dkt. No. 54) is GRANTED. All of Plaintiff's claims are DISMISSED with prejudice. The Clerk is DIRECTED to CLOSE the case.

DATED this 2nd day of March, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE